■ HAZEL XENITELIS, Respondent, v ARTHUR XENITELIS, Appellant. [661 NYS2d 23] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), entered March 26, 1996, as adjudged a postnuptial agreement between the parties valid and enforceable.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Hazel Xenitelis, and the defendant, Arthur Xenitelis, were married in the early 1980's. They had purchased a residence prior to their marriage, which subsequently became their marital residence. At the time of the purchase of the residence, since Arthur was in the process of getting a divorce, only Hazel's name was put on the title. After their marriage, Arthur eventually requested that Hazel put his name on the title. Before she would consent, Hazel required Arthur to sign a postnuptial agreement (hereinafter the agreement). On December 29, 1986, Arthur and Hazel signed an agreement which gave Arthur a one-half share in the house, and waived his rights to any maintenance or share in Hazel's pension plan and so-called 401K plan upon divorce or separation. Hazel commenced a divorce action against Arthur in 1993, and sought enforcement of the agreement. Arthur counterclaimed that the agreement was invalid on the grounds of fraud and coercion. After a trial, the court granted Hazel a divorce on the ground of cruel and inhuman treatment and found the agreement to be valid and enforceable.

Arthur contends that had Hazel disclosed to him that title to the house was not a controlling factor to its ownership upon

divorce, he would not have felt compelled to sign the agreement waiving his rights to maintenance, and his share of the plaintiff's pension and 401K plans. However, had Arthur and Hazel divorced without the benefit of the agreement, under the law of equitable distribution, Arthur would not have been guaranteed half the house, or a percentage of Hazel's pension and 401K plans, or even any maintenance. The law of equitable distribution gives effect to the economic partnership concept of the marriage relationship by requiring that marital property be distributed, upon dissolution, in a manner which reflects the individual needs and circumstances of the parties regardless of legal title to the property (see, Domestic Relations Law § 236 [B]; *Majauskas v Majauskas,* 61 NY2d 481). Therefore, prior to the agreement, any presumption made by Arthur regarding his potential share in the equitable distribution of the house upon divorce, would have been speculative at best. As a result of the agreement however, Arthur obtained a guaranteed one-half share of the house, in exchange for waiving maintenance and whatever claim he may have had to Hazel's pension and 401K plans.

Moreover, since the record does not demonstrate sufficient evidence of fraud or coercion by Hazel to overcome the presumption of legality of the agreement, the court properly concluded that the agreement was valid and enforceable. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.